**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **FRANKLIN MACHINE PRODUCTS, a New Jersey Corporation,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **1:06-CV-379 PPS** |
| **HERITAGE FOOD SERVICE EQUIPMENT, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a copyright infringement case between two competitors in the food service industry. It involves allegations of unlawful copying of a catalog produced and copyrighted by plaintiff Franklin Machine Products and used by them to sell food service products to Denny's Restaurant franchisees. Defendant Heritage Food Service Equipment, Inc.'s moved to dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).[1] After closely reviewing the two catalogs at issue, I find that the catalogs are not substantially similar to one another and thus there is no copyright infringement. The motion to dismiss is therefore granted.

[1] Although Defendant framed its motion in the alternative and indicated that the Court may treat it as a motion for summary judgment, the Court declines to treat the motion as one for summary judgment. While a Rule 12(b)(6) motion may be converted in certain circumstances, those circumstances are not present here where matters outside the complaint need not be considered to decide the merits.

## FACTUAL BACKGROUND

Franklin Machine and Heritage Food are both in the business of providing parts and equipment to the food service industry. Naturally, they each produce catalogs to aid in the sale of their products. Franklin Machine has made substantial investments to create its product catalogs. (Complaint at ¶ 7). Franklin Machine contends that Heritage Food infringed on a copyright by reproducing parts of a catalog and using it in the sale of its products. Both the Franklin Machine catalog and the Heritage Food catalog were appended to the complaint. *See* Complaint Ex. A and B.

The catalog at issue in this case is a specialty catalog that is used to sell products specifically to Denny's Restaurant franchisees. According to the Complaint, in 2003, Franklin Machine began creating a customer catalog for the Denny's Restaurant franchisee organization. (Complaint at ¶ 8). On October 16, 2006 a copyright was issued for the original catalog, titled "Equipment Parts Reference Guide for Denny's ® Franchisee Association" (hereinafter "Denny's ® Catalog"). (Complaint at ¶¶ 11-12, Exhibits A-1 and A-2).

Franklin Machine alleges that in about 2005 Defendant Heritage Food copied the Denny's ® Catalog without Franklin Machine's consent, and began distributing it throughout the United States. (Complaint at ¶¶ 9 and 13, Exhibit B). Franklin Machine seeks to permanently enjoin Heritage Foods from making unauthorized use of any portion of Franklin Machine's copyrighted Denny's ® Catalog. (Complaint at ¶¶ 15, 16, and 17). Franklin Machine further requests damages, including attorney's fees, and all gains and profits obtained by Heritage Food as a result of its infringement. *Id*.

**DISCUSSION**

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Earlier this year, the Supreme Court addressed the pleading standards in the context of a motion to dismiss. *See Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Prior to *Twombly* the standard had basically remained static for nearly fifty years. In *Twombly*, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In so holding, *Twombly* retired the oft quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957) that a complaint survives a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1968-69 (*quoting Conley*, 355 U.S. at 45-46).

Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Copyright infringement is established upon proof of "1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The copyright in a compilation – like the catalogs at issue in this case – extends only to the material contributed by the author of such work, but not to the preexisting materials. 17 U.S.C. § 103(b). It is not disputed that Franklin Machine had a valid copyright for its Denny's ® catalog compilation. As for the second element, "copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (citations and quotations omitted). Thus, the only issue in this case is whether Heritage Food's catalog is "substantially similar" to Franklin Machine's.

The determination whether there is substantial similarity is made by the "ordinary observer" test, as described in its classic formulation by Judge Learned Hand: "whether the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Wildlife Express v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994) (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2nd Cir.1960)). The test focuses on whether the "accused work has captured the 'total concept and feel' of the copyrighted work." *Atari, Inc., v. North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982) (quoting *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir.1970)). *See also, Key Publications, Inc. v. Chinatown Today Publishing Enterprises, Inc.*, 945 F.2d 509, 514 (2nd Cir. 1991) (the plaintiff must show substantial similarity between only those elements that provide copyrightablity to the allegedly infringed factual compilation).

In a case like this one – where both the protected and accused works are attached to the complaint – a court may compare the works and determine the question of substantial similarity as a matter of law. *Theotokatos v. Sara Lee Personal Products*, 971 F. Supp. 332, 340-41 (N.D. Ill. 1997); *see also, Thompson v. Illinois Dept. Of Prof. Reg.*, 300 F.3d 750, 53-54 (7th Cir. 2002) (holding that exhibits incorporated by reference into the complaint are a part thereof for purposes of ruling upon a Rule 12(b)(6)); *Northern Indiana Gun and Outdoor Shows, Inc., v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (same). As the Seventh Circuit has stated, courts may make "side by side and ocular comparisons" to determine whether substantial similarity exists. *Wildlife Express v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507, n.1 (7th Cir. 1994). The works themselves control, and supercede any contrary descriptions in the pleadings. *See Theotokatos*, 971 F. Supp at 340-41 (quoting *Cory Van Rijn Inc. v. California Raisin Advisory Bd.*, 697 F. Supp. 1136, 1138 (E.D. Cal. 1987)); *see also*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (ruling on motion to dismiss copyright infringement claim after considering literary documents referred to in and central to the complaint); *Boyle v. Stephens, Inc.*, 1998 WL 80175, at *4 (S.D.N.Y. Feb. 25, 1998)("A court may, therefore, dismiss a copyright infringement claim on a 12(b)(6) motion if it concludes no reasonable jury could find that the two works are substantially similar, or it concludes that the similarities between the two works pertain only to unprotected elements of the works.")(internal quotations omitted).

It is not in dispute that the catalogs at issue here are "compilations." A "compilation" is defined by the Copyright Act as: "a work formed by the collection and assembling of pre-existing materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. Facts

are not copyrightable, but compilations of facts generally are. *Feist Publications, Inc.*, 499 U.S. at 348-49. This is the case as long as the choices as to selection and arrangement of the collected data are made independently by the compiler and entail a minimal degree of creative arrangement. *Id.* Importantly, even in the face of a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection. *Id*. As the Seventh Circuit put it, "[a] compilation copyright protects the order and manner of the presentation of the compilation's elements, but does not *necessarily* embrace those elements." *Publications International Limited v. Meredith Corp.*, 88 F.3d 473, 480 (7th Cir. 1996)(emphasis in original).

It is for this reason that it has been held that due "to their highly factual nature, catalogs generally fall towards the less-protected end of the spectrum [of copyrightable material]." *Pampered Chef Ltd. v. Magic Kitchen, Inc.*, 12 F. Supp.2d 785, 792 (N.D. Ill. 1998) (quoting *Cooling Systems and Flexibles v. Stuart Radiator*, 777 F.2d 485, 491 (9th Cir. 1985); *see also Haan Crafts Corp. v. Craftmasters, Inc.*, 683 F. Supp. 1234, 1243 (N.D. Ind. 1988) (holding that although mail order catalogs are copyrightable, copyright infringement is often difficult to prove due to the factual nature of the material, and similarity of expression may have to amount to verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed).

In this case, there is nothing in the arrangement of equipment listings in the Heritage catalog which is in any way similar to the arrangement of the equipment listings in Franklin

Machine's catalog. Moreover, to the extent that similar words and short phrases are used to name the same parts, such phrases are not subject to copyright. *See* 37 CFR ¶ 202.1. In fact, it appears that much of the material that is similar between Heritage's catalog and Franklin Machine's catalog is information available from Denny's itself, as well as manufacturers of the equipment and parts.

As mentioned, to find copyright infringement, the accused work must be "substantially similar to the copyrighted work." *Atari, Inc. v. Northern American Philips Consumer Electronics Corp.*, 672 F.2d at 614. Here, the Heritage Food's and Franklin Machine's catalogs are not substantially similar by any stretch of the imagination. A side by side comparison does not meet the "ordinary observer" test as explained by Judge Learned Hand. In other words, an observer would conclude that these works are not substantially similar, and he would not need to set out to search for the differences between the catalogs to reach that judgment.

While Franklin Machine and Heritage Food's catalogs both list some of the same parts in the same order, a few even identically, the aesthetic appeal of the catalogs, including the look and layout, are completely different. Heritage Food's catalog clearly shows evidence of creation independent of Franklin Machine's copyrightable expression where the part numbers, the arrangement of lists on the page, the expression at the beginning and end of the catalogs, and the overall look, all differ. *Feist Publications, Inc.*, 499 U.S. at 361. For example, Franklin Machine has arranged its offerings by first dividing them into categories of equipment types, i.e., Cooking Equipment, Refrigeration Equipment, Serving Equipment, etc. It then creates sub-categories, such as Fryers, Toasters, etc. for the general category of Cooking Equipment. Within each sub-category, parts are grouped by manufacturer's name, and presented

alphabetically. On the other hand, Heritage Foods does not create the same sort of categorization and sub-grouping scheme, but instead simply lists all the parts under their manufacturer name. Another difference lies in the general style of the catalogs. While Franklin Machine has clearly created a customized format in terms of font type, border size and color, and other table elements, Heritage Food appears to have utilized a bare-bones spreadsheet format. Viewed side by side, the overall effect is simply very different.

Franklin Machine argues that it has adequately alleged the elements of copyright infringement, and that Heritage Food should be prohibited from listing the same restaurant equipment and replacement parts for sale to Denny's as does Franklin Machine. But this argument misses the point. As shown above, the raw data is not copyright protected. Rather, the *manner* in which it is presented is what gives a catalog such protection.

The present case is similar to *Theotokatos*, wherein the Court addressed allegations of copyright infringement of designs used on T-Shirts. 971 F. Supp. at 341. Like the plaintiff in *Theotokatos*, here Franklin Machine created a work that had copyrightable elements: the selection and arrangement of non-copyrightable, pre-existing elements. *Id.* The protectable expression is not the idea of arranging a parts list in a catalog, or even the idea of listing particular parts, but only Franklin Machine's specific expression of such ideas. *Id*. The protected expression includes the compilation itself, selected and arranged in a way that constitutes an original work. *Id*. Franklin Machine's copyright therefore only protects its expression of the order and manner in which the parts were listed in its Denny's ® catalog, not the parts lists themselves, and a side by side comparison between the two leads to the conclusion that they are simply not similar to one another.

Franklin Machine's catalog contains 1,215 listings and Heritage Food's catalog contains 1,148 listings. No more than 940 listings are common to both. A review of the 940 listings common to both catalogs reveals that the same number of parts for a particular item are listed, the same description for parts are used, and the same "errors and additions" for those parts are found in both catalogs. However, although the two catalogs are similar because they are compilations of factual parts information, they are not substantially similar as to copyrightable expression and arrangement of such facts. Even though the part descriptions are the same, pursuant to 37 CFR § 202.1, "short phrases such as names, titles and slogans are not subject to copyright." *Id.*

It is true that Franklin Machine has pointed out some identical content choices in its catalog as was produced in Heritage catalog. Three such instances include pages where both the Franklin Machine and Heritage catalogs display the same array of parts for a particular manufacturer product, when a greater sum of parts were actually available for the companies to offer. For example, the two catalogs list the same sixteen parts, in the same order, for the Savory PD-4 Toaster. *Compare* Franklin Machine Catalog at 7-8 *with* Heritage Catalog at 31. According to Franklin Machine, Savory manufactures thirty-two parts for this item that could have been listed on either party's catalog. In addition, both companies list an "Insulator" and "Solenoid Coil" as available for the Savory PD-4 Toaster, when these parts are not found on Savory's manufacturer parts list. Franklin Machine raises two other similar instances of duplicate part selection and states that for these occurrences, both companies' catalogs contain identical parts descriptions, even though the manufacturer used different wording in their own parts lists. *Compare* Franklin Machine Catalog at 12 *with* Heritage Catalog at 31-32 (Server

Portable Warmer); *compare* Franklin Machine Catalog at 8-9 *with* Heritage Catalog at 35-37 (Toastmaster Warmer, Drawers).

Franklin Machine also compares the two parties' presentations of the Hatco Heat Lamp products. *Compare* Franklin Machine Catalog at 4-5 *with* Heritage Catalog at 17. It notes that Franklin Machine lists the part called "Element" first and "Element Guard" second on all but one of the offered Hatco Heat Guard products, but reverses that order for one of the offerings. It maintains this was an error, and one that Heritage copied in its own catalog.[2] Thus, Franklin Machine has drawn my attention to only four instances of what it calls "common errors" between the two catalogs. Where there is 1200 entries in all, this number is far from enough to establish "substantial similarity."

It is this fact that distinguishes the present case from *Eckes v. Card Prices Update*, 736 F.2d 859, 863 (2d. Cir. 1984) and *List Pub. Co. v. Keller*, 30 F. 772, 774 (C.C.S.D.N.Y. 1887), the cases upon which Franklin Machine principally relies. In *Eckes*, both works consisted of lists of 5,000 premium baseball cards which were found to be substantially the same due to the number of inadvertent errors repeated in the defendant's work, including misspellings, inconsistent use of abbreviations, and obvious omissions. In *Eckes*, the Second Circuit found that it was impossible for defendants to produce the same list without copying. *Id*. Likewise, in *List Pub*, it was shown that 39 errors in the complainant's directory – "consisting of misprints,

---

[2]Page 18 of Heritage's catalog, the one containing the allegedly duplicative "error," is missing from the copy of the Heritage catalog attached as an exhibit to Franklin's complaint and does not appear anywhere else in the record. Nevertheless, I will assume, for purposes of Heritage's motion to dismiss, that the page is formatted as Franklin Machine describes in its brief.

erroneous addresses, insertion of names of persons who never existed, and insertion of names of deceased persons" – were reproduced in the defendant's directory, even though defendant's book was not published until a year after the publishing of the copyrighted work. *Id.* at 772. The number of common mistakes in this case do not come close to that which was presented in *Eckes* and *List Pub*.

In sum, Heritage's catalog looks nothing like the catalog produced by Franklin Machine. They differ in content, style, form and the manner in which each presents the underlying data. They are not "substantially similar" and therefore, Heritage's motion to dismiss must be granted.

**CONCLUSION**

Based on the foregoing analysis, Defendant Heritage Food Service Equipment, Inc.'s Motion to Dismiss (DE 12) is **GRANTED**. The Clerk of the Court is ordered to dismiss Plaintiff Franklin Machine Products' "Complaint for Copyright Infringement" with prejudice. Each party will bear its own costs.

**SO ORDERED**.

**ENTERED:** December 5, 2007

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT