UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANKLIN MACHINE PRODUCTS, ) | |
| a New Jersey Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06-CV-379 PPS |
| ) | |
| HERITAGE FOOD SERVICE ) | |
| EQUIPMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

On December 5, 2007, I dismissed the copyright infringement action brought by Plaintiff Franklin Machine Products ("Franklin Machine") against Defendant Heritage Food Service Equipment, Inc. ("Heritage") [DE 36.] At the close of that order, I inadvertently included the sentence, "[e]ach party will bear its own costs." That phrase should not have been included in the order. On December 19, 2007, Heritage moved for the award of attorneys' fees in defending that action, pursuant to the appropriate provision under the copyright law, 17 U.S.C. § 505. [DE 38.] Franklin timely filed its notice of appeal of its dismissal on January 2, 2008 [DE 40.].

My December 5, 2007 Order should not have directed the parties to bear its own costs before considering arguments from both sides on the issue. Not only are attorneys' fees included in the definition of "costs" for purposes of copyright law, *Harbor Motor Co., Inc. v. Arnell Chevrolet-Geo, Inc.,* 265 F.3d 638, 645 (7th Cir. 2001)**,** but prevailing defendants in

copyright infringement actions are entitled to a "very strong" presumption in favor of an award of fees. *Assessment Techs. of WI, LLC, v. Wiredata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). Although not indicated on its face, I construe Heritage's request for fees as a motion for limited relief from judgment for the court's mistake or inadvertence, pursuant to Fed. R. Civ. Pro. 60(b). Although the appeal is pending in front of the Seventh Circuit, district courts are permitted to quickly review and deny motions for relief from judgment, or if the court is inclined to grant them, to state its intentions in a filed memorandum so that the appellate court may order a speedy remand. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 96 F.3d 275, 280 (7th Cir. 1996)(citing *Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir. 1992)); *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1211 (7th Cir. 1989); *Arington v. County of Dekalb*, 2006 WL 617695, at *1, n. 1 (N.D. Ind. March 9, 2006). That is the purpose of this memorandum.

     In this case, I agree with Heritage that it is entitled to an award of attorneys' fees. If the Seventh Circuit were to remand, I would be inclined to grant the Rule 60(b) motion and amend the judgment so as to award at least a portion of the fees requested by Heritage.

**ENTERED:** February 12, 2008

                                                  /s Philip P. Simon
                                                 PHILIP P. SIMON, JUDGE
                                                 UNITED STATES DISTRICT COURT