UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FRANKLIN MACHINE PRODUCTS, ) | | |
| a New Jersey Corporation, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:06-CV-379 PPS | |
| ) | | |
| HERITAGE FOOD SERVICE ) | | |
| EQUIPMENT, INC., ) | | |
| ) | | |
| Defendant. ) | | |

## OPINION AND ORDER

Pursuant to 17 U.S.C. § 505, Defendant Heritage Food Service Equipment, Inc. has petitioned this Court to grant an award of attorneys' fees after prevailing on its Motion to Dismiss Plaintiff Franklin Machine Products' Complaint. This motion was made after the Court's initial order dismissing the case and inadvertently awarding each side to bear its own costs, which for purposes of copyright law, includes attorneys' fees. The Seventh Circuit remanded the case for the Court to amend its judgment with respect to the award of costs. For the following reasons, the Court amends its earlier judgment and grants Heritage's Motion for Attorneys' Fees. [DE 38.]

### I.  BACKGROUND

For purposes of ruling on Defendants' Motion for Attorneys' Fees, only a brief recital of the underlying facts is necessary. Franklin Machine brought its copyright infringement suit alleging that Heritage unlawfully copied Franklin Machine's food service components and parts catalog used by Franklin Machine to sell its products to Denny's Restaurant franchisees. [DE 1.] On December 5, 2007, I granted Heritage's Motion to Dismiss. [DE 36.] I concluded, after

applying the "ordinary observer" test, that there was not substantial similarity between the two catalogs and that therefore copyright infringement did not occur. *See Wildlife Express v. Carol Wright Sales, Inc.,* 18 F.3d 502, 509 (7th Cir. 1994) (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2nd Cir.1960).  In other words, in a side-by-side comparison of the two works at issue, I found that an ordinary observer would notice the differences between the catalogs and therefore held as a matter of law that a reasonable jury could not find that the two works are substantially similar.  It was significant that the copyrighted work was a catalog, which due "to their highly factual nature, . . . generally fall towards the less-protected end of the spectrum" of copyrightable material.  *Pampered Chef Ltd. v. Magic Kitchen, Inc.,* 12 F. Supp.2d 785, 792 (N.D. Ill. 1998) (quoting *Cooling Systems and Flexibles v. Stuart Radiator*, 777 F.2d 485, 491 (9th Cir. 1985).  After conducting the comparison, I found that the "there is nothing in the arrangement of equipment listings in the Heritage catalog which is in any way similar to the arrangement of the equipment listings in Franklin Machine's catalog," "the . . . catalogs are not substantially similar by any stretch of the imagination," "the aesthetic appeal of the catalogs, including the look and layout, are completely different," and "viewed side by side, the overall effect is simply very different." *See* Dec. 5, 2007 Order at 6-8.

The concluding paragraph of my December 5, 2007 dismissal order stated that "[e]ach party will bear its own costs."  Because attorneys' fees are considered to fall within the definition of "costs" for purposes of 17 U.S.C. § 505, the previous order could be read to exclude Heritage's otherwise timely fee request.  *See Harbor Motor Co., Inc. v. Arnell Chevrolet-Geo, Inc.,* 265 F.3d 638, 645 (7th Cir. 2001)("Section 505 of the Copyright Act defines costs to include attorney's fees . . .").  Before Heritage's motion for fees was fully briefed, Franklin Machine filed its notice

of appeal. [DE 40.] Although I construed Heritage's motion as one made under Rule 60 requesting relief from a judgment or order, I could not rule directly on the motion because the notice of appeal had placed jurisdiction in the hands of the Seventh Circuit.  Following procedure laid out previously in this circuit, I filed a memorandum stating my intentions to grant the Rule 60 motion in the event the Seventh Circuit remanded it back to me to address the specific issue. [DE 49.] *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 96 F.3d 275, 280 (7th Cir. 1996)(citing *Brown v. United States*, 976 F.2d 1104, 1110-11 (7th Cir. 1992)); *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1211 (7th Cir. 1989); *Arington v. County of Dekalb*, 2006 WL 617695, at *1, n. 1 (N.D. Ind. March 9, 2006).  The Seventh Circuit has accordingly followed course, remanding the case so that I may correct the earlier judgment under Rule 60. [DE 50.]

Before delving into the substantive issues of the fee request, I will note that while my memorandum to the Seventh Circuit expressed my intent to construe Heritage's motion as a "60(b)" motion to correct for the Court's mistake, inadvertence, surprise, or excusable neglect, the Seventh Circuit's remand provided me to correct the clerical error in judgment under "60(a)." The distinction is not important for purposes of moving the case forward at this time, and my decision would not change whether the inclusion of the phrase "each party will bear its own costs" in my initial dismissal order was actually a "clerical error" or is better characterized as a judicial "mistake."  Either way, that sentence must be amended, and Heritage's Motion for Fees must be decided**.**

## II.  DISCUSSION

17 U.S.C. § 505 provides that, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United

3

States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The Seventh Circuit, in addressing this rule, has instructed that "[t]he two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Assessment Techs. of WI, LLC, v. Wiredata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004). Applying these factors to a case where a defendant prevails, the Seventh Circuit also provided that, "[w]hen the prevailing party is the defendant, who by definition receives not a small award, but no award, the presumption in favor of awarding fees is **very strong**." *Id.* at 437 (emphasis added). This approach contrasts sharply with the one used for many fee-shifting statutes, in which defendants are entitled to fees only if the suit was frivolous or vexatious. *Riviera Distributors, Inc. v. Jones*, 2008 WL 441762, at *1-2 (7th Cir. Feb. 20, 2008)

    Heritage, as the prevailing defendant, is entitled to the very strong presumption in its favor. The other important factor discussed in *Assessment Technologies*, the strength of the prevailing party's case, does not overcome the presumption in favor of Heritage. As detailed in the my previous order, the two catalogs have glaring differences in appearance and layout and are assuredly not "substantially similar" enough to pass the ordinary observer test. *See* Dec. 5, 2007 Order at 6-8, 11. As a compilation, Franklin Machine's catalog was not entitled to a high level of copyright protection. Only Franklin Machine's expression of the content and manner of listing parts is protectable, not the actual facts and raw data making up the catalog's offerings. *See* 17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from preexisting material employed in

4

the work, and does not imply any exclusive right in the preexisting material.")

I do not believe that Franklin Machine's claim was frivolous or brought in bad faith. Nevertheless, the strong presumption identified in *Assessment Technologies* compels an award of fees to Defendant Heritage.  This case differs from those few decisions which applied the *Assessment Technologies* factors and yet denied a prevailing defendant its fees.  *See, e.g., Eagle Services Corp. v. H20 Industrial Services, Inc.*, 2007 WL 1042138, at *6 (N.D. Ind. March 29, 2007)(denying fees to defendant where case raised issue involving an area of copyright law that was "largely unsettled and novel" and for which there was no Seventh Circuit case law on point); *Automation By Design, Inc., v. Raybestos Products Company*, 2005 WL 4889223, at *1 (S.D.Ind. July 26, 2005)(denying fees to defendant after recognizing that Seventh Circuit's position on legal matter raised in plaintiff's claim was "hazy" and turned on "fine points of law").

Heritage's motion to dismiss, on the other hand, presented no murky legal issues or unsettled questions of law.  I denied Franklin Machine's infringement claim after applying the ordinary observer test, for which there was plenty of Seventh Circuit guidance.  *See Wildlife Express*, 18 F.3d at 509; *Atari, Inv. v. North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982); *Theotokatos v. Sara Lee Personal Products*, 971 F. Supp. 332, 340-341 (N.D. Ill. 1997).  Accordingly, Heritage's defense was not so weak, nor Franklin Machine's so strong, so as to overcome the strong presumption in favor of granting fees to the prevailing defendant.  *See e.g., Riviera Distributors,* 2008 WL 441762, at *2; *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005);  *Woodhaven Homes & Realty, Inc. v. Hotz*, 2007 WL 30882, at *5 (E.D. Wis. Jan. 4, 2007); *Bosch v. Ball-Kell*, 2007 WL 2994085, at *5, (C.D. Ill. Oct. 11, 2007).

Courts awarding attorney's fees will first multiply the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003).  The burden is on the party seeking the award to substantiate the hours worked and the rate claimed.  *Estate of Borst v. O'Brien*, 979 F.2d 511, 516 (7th Cir. 1992).  Heritage submitted two signed affidavits from attorneys hired to perform legal services for the matter; one from G. Martin Cole on behalf of the law firm Burt, Blee, Dixon, Sutton & Bloom and the other from George Pappas, an intellectual property attorney.  Cole's sworn affidavit stated that his firm charged Heritage $225.00 an hour, expended 99.6 hours on this particular matter, and thereby incurred $22,410.00 in legal fees. Cole Aff. at ¶ 4, 5 [DE 38-2].  However, the numbers found in the detailed billing invoices attached to Cole's affidavit do not quite add up to the  $22,410.00 requested.  The hours and fees incurred, as indicated on those monthly invoices are presented below:

| **Invoice Date** | **Hours** | **Fees** |
|---|---|---|
| January 8, 2007 | 1.50 | $337.50 |
| February 8, 2007 | 2.05[1] | $461.25 |
| April 10, 2007 | 23.40 | $5,265.00 |
| May 8, 2007 | 8.50 | $1,912.50 |
| June 6, 2007 | 29.00 | $6,525.00 |
| July 12, 2007 | 9.65 | $2,171.25 |
| September 6, 2007 | 1.30 | $292.50 |
| December 19, 2007 | 18.20 | $4,095.00 |

---

[1]This number reflects the 0.25 hours marked by Cole as an "erroneous entry" that was apparently incurred on January 8, 2007 for an unrelated case.

| TOTAL | 93.6 | $21,060.00 |

It is not entirely clear how Defendant reached its $22,410.00 figure, though I suspect it incorrectly included fees charged to Heritage for unrelated matters.  In either event, I will use the $21,060.00 as the reasonable lodestar amount as it is the only one supported by the evidence provided by Defendant.  In addition, Defendant is awarded the $1,524.25 in Westlaw research fees incurred for this matter.  Franklin Machine has not objected to these amounts.

Shifting to attorney Pappas, he states that he charges $240.00 an hour and that Heritage incurred $13,176.00. Pappas Aff. at ¶ 4.  His attached billing summary is defective for purposes of the fee petition in that it does not indicate how many hours he spent on each individual task performed for his client, essentially leaving it up to the Court to guess as to the hourly breakdown.  Moreover, much of the work described in Pappas's affidavit attachment (without listed hours) is duplicative of work described in the invoices of the Burt, Blee, Dixon, Sutton & Bloom firm.  "Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM America, Inc.*, 354 .3d 666, 674 (7th Cir. 2004).  Dividing the total amount of fees incurred by Pappas ($13,176.00) by his stated hourly rate ($240.00 an hour) reveals that Pappas worked approximately 54.9 hours on this matter.  This amount strikes me as unreasonably high in light of the 90-plus hours already expended by Cole's firm in preparing the same motion to dismiss for which Pappas charged Heritage.  The two catalogs were the only documents that had any significant bearing on the issue of dismissal and so there was no apparent necessity for extensive document collection or review. The legal and factual issues raised by the motion were not especially complicated.

In light of the duplicative nature of the work performed by Pappas, as well as his failure to

properly document the hours expended on the case for Heritage, I will reduce the number of hours awarded for Pappas's work by 50 percent. "As to the reasonableness of the hours expended, when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605, (7th Cir. 2000).  Thus, Defendant is awarded, $6,588.00 for the work performed by Pappas, and $29,172.25 in total for fees and costs for both firms.

## CONCLUSION

For the reasons stated above, the Court's December 5, 2007 Order [DE 36] is **AMENDED** so that the last sentence stating: "Each party will bear its own costs," is removed.   Further, Defendant Heritage Food Service Equipment, Inc.'s Motion For Attorneys' Fees [DE 38] is **GRANTED**.  The clerk shall enter judgment on the award of fees.  Plaintiff Franklin Machine Products is **ORDERED** to pay to Defendant attorneys' fees in the amount of **$29,172.25,** made up of $22,584.25 for the work and costs expended by Burt, Blee, Dixon, Sutton & Bloom and $6,588.00 for the work performed by Attorney Pappas**.**

**SO ORDERED**.

**ENTERED:** March 11, 2008

                                       /s Philip P. Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT